THE VILLAGE OF ORAN, Respondent, v. JOSEPH BLES, Appellant.

St. Louis Court of Appeals, January 17, 1893.

Municipal Corporations: OFFENSE AGAINST ORDINANCES OF A VILLAGE: COMPLAINT. An arrest for an offense against the ordinances of a village may be made by the marshal of the village without a warrant, when the offense is committed in his presence; and in such case the offender may be prosecuted under a charge preferred orally by the marshal.

*Appeal from the Scott Circuit Court.*—HON. H. C. O'BRYAN, Judge.

AFFIRMED.

*Albert De Reign,* for appellant.

*William Hunter,* for respondent.

BIGGS, J.—The defendant was arrested for the violation of an ordinance of the village of Oran, in Scott county. He was tried before the chairman of the board of trustees of the village, and found guilty, and the fine was fixed at $5. From that judgment he appealed to the circuit court of the county, where, on a trial *de novo,* he was again found guilty and a fine of

$50 imposed. He has brought the case to this court, and insists on a reversal of the judgment on the sole ground that the complaint was not verified.

Section 1685, Revised Statutes, 1889, furnishes the authority for the arrest and conviction of the defendant by the town authorities. Among other provisions the section contains the following: "The complaint, when made by the marshal, assistant marshal or regular policeman *need not be in writing if the defendant be present in court and in custody;* but in every other case the complaint shall be in writing and sworn to before the warrant be issued for the arrest of the defendant, and in no case shall a judgment of conviction be rendered except upon sufficient legal testimony given on a public trial, or upon a plea of guilty made in open court."

Section 1699 provides: "The town marshal shall be chief of police, and shall at all times have power to make or order all arrests, with proper process, for any offenses against the laws of the state, or of the town, by day or by night, and bring the offender to trial before the proper court, and he shall have power to arrest *without process* in all cases where any such offense shall be committed, or attempted to be committed, *in his presence.*"

The transcript of the proceedings before the chairman of the board of trustees shows that the offense was committed on the nineteenth day of March, 1892, *in the presence* of the town marshal, and there is no evidence to the contrary in the record; that the marshall, thereupon, arrested the defendant, and, on account of the lateness of the hour, released him under recognizance to appear before the chairman of the board of trustees of the village on the twenty-first day of the month; that, on the last-mentioned day, the defendant was present in court in obedience to the

recognizance, and was thereupon held under a complaint that day made by the marshal. Among the papers sent up by the chairman was a written complaint purporting to have been made and sworn to by the marshal, but it was not signed by him. On account of this omission, the defendant moved the circuit court to dismiss the proceedings against him, which the court refused to do. It thus appears that, at the time the marshal made the complaint, the defendant "was present in court and in custody," that is, under legal arrest. Therefore, it was unnecessary for the marshal to file a written complaint, and the objection, that the paper which was filed was not verified, is without merit. The statute is plain that the marshal may arrest without a warrant, when the offense is committed in his presence, and in such a case the defendant may be prosecuted under a charge preferred orally by such officer.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.